Tagged Opinion



**ORDERED in the Southern District of Florida on April 08, 2008.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

```
_____
                               )
                               )
In re:                         )   CASE NO.  08-11761-BKC-RAM
                               )   CHAPTER   11
BEACH HOUSE PROPERTY, LLC,     )
                               )
                               )
           Debtor.             )
                               )
_____)
```

**ORDER SUSTAINING
FP&L'S OBJECTION TO UTILITIES ORDER**

Following a hearing on March 12, 2008, the Court entered its March 18, 2008 Order Granting Motion of the Debtor-in-Possession for Order Determining Adequate Assurance of Payment for Future Utility Services and Granting Utility Providers Fifteen (15) Days in Which to Object to the Motion and Order (the "Utilities Order") [CP# 33]. The March 12th hearing was set within 30 days of the February 15, 2008 petition in this case so that any dispute regarding the Debtor's proposed adequate assurance

payments under 11 U.S.C. §366 could be resolved and the required adequate assurance paid within the 30 day period proscribed in §366(c)(2). At the March 12th hearing, it was unclear whether the Debtor had provided adequate notice of the hearing. Therefore, the Utilities Order included an additional 15 day objection period.

On April 1, 2008, Florida Power & Light Company ("FPL") filed its Objection to Debtor's Motion for Order Determining Adequate Assurance of Payment for Future Utility Services and Order Granting Debtor's Motion (the "FPL Objection") [CP# 50]. Since the postpetition deposits requested in the FPL Objection are reasonable, the Objection will be sustained.[1]

Although the Court is sustaining the FPL Objection, the Court is not adopting many of the legal arguments set forth in the Objection. This Court agrees with FPL that a bankruptcy court should not enter injunctions against utilities in response to first day motions and also agrees that adequate assurance sufficient to meet the requirements of §366 must be paid within 30 days of the Chapter 11 petition date.

The Court rejects FPL's contention that a bankruptcy court may not determine the appropriate amount of adequate assurance

---

[1] Although a two-month deposit is reasonable adequate assurance in this case, the appropriate adequate assurance of payment depends on the facts and circumstances of each case. Therefore, this Order should not be construed as a finding that a deposit equal to twice the average monthly bill will be required in every case.

2

until the debtor has first paid whatever amount the utility has demanded.  That construction was adopted by the court in <u>In re Lucre</u>, 333 B.R. 151 (Bankr. W.D.Mich. 2005), but has been rejected by this Court in post BAPCPA cases including <u>In re Puig, Inc.</u>, Case No. 07-14026-BKC-RAM (the "Puig Case").  <u>See</u> Order (1) Denying Debtors' Motion for Injunctive Relief Against Utilities; and (2) Setting Deadlines and Further Hearing to Resolve any Assurance of Payment Disputes, entered on June 1, 2007 [CP# 48 in the Puig Case].  In that Order, this Court stated as follows:

> At least one court has held that a debtor has no recourse to request a court order modifying the assurance of payment demanded by the utility until the debtor first pays what the utility demands.  <u>In re Lucre</u>, 333 B.R. 151, 154 (Bankr. W.D.Mich. 2005).  This Court disagrees.  An interpretation of §366 that precludes court intervention unless a debtor posts whatever amount is demanded could lead to absurd results and cannot be what Congress intended.  Instead, the Court finds that it has the authority to determine the form and amount of adequate assurance if the parties cannot reach agreement, as long as the form of the assurance of payment is one of the forms described in §366(c)(1)(A).  <u>See</u> 3 Collier on Bankruptcy ¶ 366.03[2] (rev. 15th ed. 2006) ("Under §366(c)(2), the debtor must pay what the utility demands, <u>unless the court orders otherwise</u>") (emphasis added).

Under this Court's interpretation, a debtor may comply with §366 by proposing a means and amount of adequate assurance in a motion filed at the start of a case and the Court may appropriately enter a scheduling order, which sets an objection deadline and hearing date which allows for any dispute to be

3

resolved prior to the 30 day deadline in §366(c)(2).  As long as the debtor then pays the Court ordered amount by the 30th day, the debtor will have complied with §366 and the utility may not discontinue service.

In an effort to implement this approved procedure, the judges of this Court have approved a revised local rule which will soon be enacted.  A copy of that rule, Local Rule 9013(4), is attached as Exhibit "A" to this Order.  The procedure set forth in the rule does not contemplate ex parte relief or reverse the burdens under §366.  It simply creates a reasonable procedure for resolving disputes and determining the amount of adequate assurance which must be paid within 30 days of a Chapter 11 filing under §366(c).

For the foregoing reasons, it is -

**ORDERED** as follows:

1. The Objection to the amount of adequate assurance offered by the Debtor to FPL is sustained.

2. The Debtor shall promptly provide a deposit of $340.00 for account no. 78295-47244 and a deposit of $1,970 for account no. 46949-06373, for a total postpetition deposit of $2,310.

3. FPL may discontinue service if this deposit is not paid within 7 days of entry of this Order.

###

4

COPIES TO:

Robert C. Furr, Esq.
FURR AND COHEN, P.A.
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, Fla.  33431
(Counsel for Debtor)

Rachel Budke, Esq.
700 Universe Blvd.
Juno Beach, Fla.  33408
(Counsel for FPL)

**EXHIBIT "A"**

**(L)** **Utility Service - Adequate Assurance Motion.**

    **(1)** **When a Motion is Required.** No motion is required where the trustee or the debtor have reached an agreement with the utility company on the adequate assurance of future payment pursuant to 11 U.S.C. §§366(b) or (c). Where there is no agreement, the trustee or the debtor shall file a motion that complies with the requirements stated in subdivision (2) below seeking a determination by the court that the assurance of payment furnished by the trustee or the debtor constitutes adequate assurance of payment necessary under 11 U.S.C. §§366(b) or (c).

    **(2)** **Content of Motion.** A motion to determine adequate assurance of payment for debtor's utility services shall be filed and served timely so that it may be heard prior to expiration of the applicable time period set forth in sections 366(b) or (c)(2) and include:

        **(a)** a schedule of the names and addresses of the utilities;

        **(b)** a certification that movant's attorney has contacted the utility service provider(s) and made a good faith effort to comply with the requirements under §366, prior to the filing of the motion;

        **(c)** the amount of the assurance payment required or paid and the form of adequate assurance the debtor has offered to furnish; and

        **(d)** any request for an order scheduling a hearing to resolve disputes regarding assurance.

    **(3)** **Objection.** The utility company shall serve a written objection no later than 4:30 pm on the second business day prior to the scheduled hearing, or the papers submitted may not be considered at the hearing (except when the hearing is set in less than five days notice). The objection shall set forth the location and account number for the utility service and specify the form and amount of assurance of payment that the utility demands.

    **(4)** **Notice.** The trustee or debtor shall serve notice in compliance with the Bankruptcy Rules and Local Rule 2002-1, and specifically provide notice to any and all employee or representative of the utility company who negotiated the terms and conditions of the adequate assurance of payment.

**(5)** **Request for Evidentiary Hearing.** Unless otherwise requested, a motion filed in compliance with subdivision (2) above will be scheduled as an evidentiary hearing.

☞ 2008 Amendment: Amended to conform to new BAPCPA requirements.